Filed
D.C. Superior Court
06/26/2021 12:08PM
Clerk of the Court

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| INGA AFANASIEVA, INDIVIDUALLY AND AS NEXT FRIEND OF S█████ M█████, HER MINOR CHILD<br>611 Harvard Street, NW<br>Washington, DC 20001<br><br>**Plaintiff,**<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br>600 Fifth Street, N.W.<br>Washington, D.C. 20001<br><br>**Defendant.** | Case No. **2021 CA 001618 B**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

Plaintiff Inga Afanasieva, individually and as next friend of S████ M████, her minor child, by and through undersigned counsel, hereby files this Complaint seeking damages for negligence against Defendant Washington Metropolitan Area Transit Authority. In support of the Complaint, Plaintiff alleges as follow:

### JURISDICTION AND VENUE

1. Jurisdiction is vested in this Court pursuant to the Washington Metropolitan Area Transit Authority Compact (hereinafter "the WMATA Compact"), which established original and concurrent jurisdiction in this Court over matters involving WMATA. *See* WMATA Compact Art. XVI § 81; D.C. Code § 9-1107.01(81).

2. Venue in this Court is proper as all of the negligent acts and/or omissions complained of herein occurred in the District of Columbia.

**PARTIES**

3. Plaintiff Inga Afanasieva is the natural mother and next friend of Plaintiff S▮▮▮▮ M▮▮▮▮, and a Senior Infrastructure Specialist at The World Bank. She is and was, at all times relevant hereto, a resident and citizen of the District of Columbia, residing at 611 Harvard Street, NW, Washington, DC 20001. Pursuant to Superior Court Rule 17(c), Plaintiff Inga Afanasieva brings this action both individually and as next friend of her minor son, Plaintiff S▮▮▮▮ M▮▮▮▮.

4. Plaintiff and real party in interest S▮▮▮▮ M▮▮▮▮ is a 16-year-old student at BASIS DC. He was born on ▮▮▮▮▮▮▮▮. He is and was, at all times relevant hereto, a resident and citizen of the District of Columbia, residing at 611 Harvard Street, NW, Washington, DC 20001. Pursuant to Superior Court Rule 17(c), Plaintiff S▮▮▮▮ M▮▮▮▮ brings this suit by his next friend and mother, Plaintiff Inga Afanasieva.

5. Defendant WMATA is a tri-jurisdictional government agency created by Congress by way of the WMATA Compact.

6. Pursuant to the WMATA Compact, the exclusive remedy for tort claims brought against WMATA shall be by suit filed against WMATA; suits against the State or local governments of the WMATA Compact signatories, i.e., the District of Columbia, Maryland, and Virginia, are expressly prohibited.

7. As the claims herein apply exclusively to WMATA, and do not implicate the District of Columbia local government, or any of the other WMATA Compact signatories, the

statutory notice requirements prescribed by D.C. Code § 12-309, for claims filed against the District of Columbia, are not applicable in this case.

8. At all times relevant hereto, Defendant WMATA was the owner and operator of a bus transit system, with multiple busses and lines located throughout the District of Columbia.

9. At all times relevant hereto, Defendant WMATA was the owner and operator of Metro bus Route 70.

10. At all times relevant hereto, Defendant WMATA's bus transit system, including Route 70, was operated by duly authorized agents, servants, and/or employees of Defendant WMATA, who were acting within the course and scope of their employment and/or agency with Defendant WMATA.

11. At all times relevant hereto, Defendant WMATA, through its duly authorized agents, servants, and/or employees, provided public transportation services throughout the District of Columbia and maintained its principal place of business within the District of Columbia.

12. The provision of mass transportation services, including the duties and responsibilities that accompany such services, is a proprietary function within the meaning of the WMATA Compact.

13. WMATA is a provider of mass transportation services. Based on the activities it performs, WMATA is considered a common carrier.

14. As a common carrier, WMATA owes the highest degree of care for the safety of its passengers.

15. WMATA has a duty to protect its passengers. This duty includes protecting passengers against assault or interference with the peaceful completion of their journey.

16. WMATA is required to protect passengers from the intentional and negligent acts of third parties.

17. Pursuant to the WMATA Compact, Defendant WMATA shall be held liable for its negligent acts and/or omissions, including those of its agents, servants, and/or employees, committed in the conduct of any proprietary function. D.C. Code § 9-1107.01 (80).

## STATEMENT OF FACTS

18. Plaintiff S▬ M▬ uses public transportation, including the Metro rail and bus systems. At all relevant times, he used the Metro rail and bus systems to commute to and from school.

19. On December 6, 2019, when he was 15 years old, Plaintiff S▬ M▬ stayed after school to prepare for an upcoming science competition. His school is located in the District of Columbia. He left school around 7:00 p.m. and boarded the Route 70 bus at the bus stop near 7th Street and Pennsylvania Avenue, Northwest. The bus was headed north toward his house. S▬ was sitting towards the rear of the bus in a seat on the elevated platform. S▬ was seated on the right side in a two-person seat. He sat closest to the window and put his bag on the seat next to him.

20. Two young men boarded the bus near Georgia Avenue. They did not pay the required fare and walked to the back of the bus. The bus was about half full when they entered. The two men, who appeared to be in their late teens or early twenties, began interacting with a group of high school aged girls sitting behind S▬.

21. After a few minutes, one of the men stood over Plaintiff S▬ M▬ and indicated that he wanted to sit next to him. There were a number of empty seats throughout the bus. S▬ moved his bag and allowed the man to sit down. The man started asking

4

S▮▮▮ about his iPhone and whether S▮▮▮ would consider selling it. S▮▮▮ said no. The man became more aggressive with his questions and S▮▮▮ politely told the man it was not for sale and asked the man to leave him alone.

22. The group of girls began to antagonize Plaintiff S▮▮▮ M▮▮▮ and encourage the man to escalate his actions. The man and the group of girls became louder and everyone on the bus could hear the commotion. The man then tried to take off S▮▮▮'s glasses. S▮▮▮ pushed the man's hand away. The man reacted by dumping a bag of potato chips on S▮▮▮'s head while the girls laughed and cheered the man on.

23. The man again attempted to take Plaintiff S▮▮▮ M▮▮▮'s glasses. When S▮▮▮ slapped the man's hand away, the man punched him in the side of the head.

24. What followed was a vicious attack by the man sitting next to him. He began kicking and punching Plaintiff S▮▮▮ M▮▮▮ while he ducked down and tried to protect himself.

25. The man took Plaintiff S▮▮▮ M▮▮▮'s iPhone during the assault.

26. The man and his companion proceeded to exit the bus forcefully, throwing themselves at the back door, after which they moved to the front of the bus and confronted the bus driver, who ultimately conceded and opened the doors near Howard University Hospital. The two men and the group of girls exited the bus, and to date have not been identified.

27. All of above events described in paragraphs 18-26 occurred while the bus was in the District of Columbia and in the direct view of the operator of the bus, who was acting in her capacity as an agent, servant, and/or employee of Defendant WMATA.

28. The driver ignored the disturbance and did not take any action to address the situation or prevent harm to Plaintiff S▮▮▮ M▮▮▮, in direct dereliction of their

responsibilities as a common carrier and in breach of the duty owed to Plaintiff S███ M████ as a WMATA passenger.

29. Metrobus touts its safety and security practices and claims it "has earned the nation's top bus safety award because of its safety record and aggressive safety programs." *Safety and Security on Metrobus and Metrorail* (https://www.wmata.com/rider-guide/safety/bus-rail.cfm).

30. All buses operated by Defendant WMATA are equipped with a silent alarm that notifies the central office of disturbances and contacts the police. When the alarm is triggered, the outside of the bus displays a message that alerts the public of the disturbance and reads "EMERGENCY! CALL POLICE."

31. Throughout the disturbance, the bus travelled through busy sections of the District of Columbia, and likely passed numerous marked and unmarked law enforcement vehicles and officers, whose presence on streets is heightened during the period of the year when the attack occurred. If the alarm was initiated and the emergency message displayed on the outside of the bus, any one of these officers could have stopped the bus to intervene, or a bystander on the street could have called 911 as would have been directed by the emergency message.

32. The driver of the bus failed to activate this silent alarm or take any other action in defense of Plaintiff S███ M████. The failure to take any action breached the duty WMATA owed to Plaintiff S███ M████, a passenger on the Route 70 bus operated by WMATA in the District of Columbia.

33. The brutal assault caused Plaintiff S███ M████ to suffer serious physical injuries, pain and suffering, and additional emotional harm. The attack left him with a broken nose, broken jaw, and three broken teeth. He is terrified to ride public transportation and suffers

6

from nightmares. He often went out for runs before the incident, but now is too afraid that he will be the victim of another attack. The physical and emotional harm will continue to plague S███ for years and likely the rest of his life.

34. Plaintiff Inga Afanasieva has suffered emotional harm resulting from the attack on her son and the wrongful conduct of WMATA. Her harm includes being afraid to be out with her son and fear that she is not able to protect him.

## COUNT I – NEGLIGENCE

35. The plaintiff incorporates by reference and re-alleges the preceding paragraphs.

36. At all relevant times Plaintiff S█████ M████ was lawfully on Defendant WMATA's Route 70 bus.

37. At all times of which Plaintiffs complain, Defendant WMATA, through its duly authorized agents, servants, and/or employees, represented to Plaintiffs and the general public that it possessed the degree of skill, knowledge, and ability possessed by a reasonably competent owner and operator of a mass transit bus system, operating under same or similar circumstances as those involving Plaintiff S█████ M████.

38. Defendant WMATA, through its duly authorized agents, servants, and/or employees, owed to Plaintiffs the duty to exercise the degree of care, skill, and judgment expected of a reasonably competent owner and operator of a mass transit bus system, acting in the same or similar circumstances as those involving Plaintiff █████ M████, which included, among other things, the prompt and proper recognition and response to events involving the potential for personal injury occurring on Defendant WMATA's premises, and of which Defendant WMATA had actual and/or constructive knowledge; the provision of adequate, timely, and proper emergency, medical, and/or other assistance to members of the

7

public utilizing Defendant WMATA's bus systems and requiring such assistance; and compliance with all applicable Federal, District of Columbia, and WMATA statutes, rules, regulations, policies, procedures, instructions, orders, commands, and/or directives.

39. As a common carrier, WMATA owes the highest degree of care for the safety of its passengers.

40. At all relevant times Defendant WMATA, through its duly authorized agents, servants, and/or employees, owed a duty to Plaintiffs to utilize reasonable care to ensure that the Defendant WMATA's Route 70 bus was safe.

41. Defendant WMATA, as a provider of mass transit, was acting as a common carrier, and was legally bound to protect its passenger, Plaintiff S▇▇▇ M▇▇▇. This duty included protection against assault or interference with the peaceful completion of his journey.

42. WMATA breached the duty owed to Plaintiff S▇▇▇ M▇▇▇ by failing to take action including, but not limited to, use of the bus's safety features such as its silent alarm to alter the public and law enforcement of the attack in progress.

43. Defendant WMATA, through its duly authorized agents, servants, and/or employees, was also further negligent and breached its duty by, among other things, failing to promptly and properly recognize, investigate, and otherwise respond to events involving the potential and actual personal injury occurring on the bus operated by WMATA, and of which Defendant WMATA had actual and constructive knowledge; failing to comply with all applicable Federal, District of Columbia, and WMATA statutes, rules, regulations, policies, procedures, instructions, orders, commands, and/or directives; failing to exercise the degree

of care required under the circumstances; and Defendant WMATA was in other ways negligent.

44. It is asserted that at all times relevant hereto, Plaintiff S███ M███'s conduct in utilizing Defendant WMATA's Route 70 bus was reasonable and appropriate under the circumstances.

45. As a direct and proximate result of the breaches of the duty of care owed to Plaintiff S███ M███ by Defendant WMATA, Plaintiff S███ M███ suffered, among other things, physical bodily injuries, and both Plaintiffs suffered, among other things, conscious pain and suffering, as well as emotional distress and mental anguish.

46. As a direct and proximate result of the breaches of the duty of care owed to Plantiff S███ M███, Plaintiffs incurred financial loss including medical expenses, among other things, for which claim is made.

47. The sole known proximate cause of all injuries, damages, and other losses, suffered by Plaintiff was the result of the tortious acts of Defendant WMATA, including its duly authorized agents, servants, and/or employees. Plaintiff S███ M███ was in no way contributorily negligent for the harm he suffered.

WHEREFORE, Plaintiff S███ M███ respectfully demands judgment against Defendant WMATA, in the amount of $1,000,000.00 plus interest and costs to compensate him for his physical and emotional injuries.

WHEREFORE, Plaintiff Inga Afanasieva respectfully demands $500,000.00, plus interest and cost to compensate her for emotional injuries.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: 12/4/2020

*/s/ Marc Eisenstein*
_____
Barry Coburn (DC Bar No. 358020)
barry@coburngreenbaum.com
(202) 643-9472
Marc Eisenstein (DC Bar. No. 1007208)
marc@coburngreenbaum.com
(202) 470-2695
COBURN & GREENBAUM, PLLC
1710 Rhode Island Ave.
Second Floor
Washington, DC 20036

*Counsel for Plaintiff Inga Afanasieva, individually and as next friend of S▮▮▮▮ M▮▮▮▮, her minor child*